UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN FRANCIS,

    Plaintiff,

v.                                                         Case No. 8:25-cv-2163-KKM-AEP

JUDGE THOMAS BARBER, et al.

    Defendants.
_____

## ORDER

    The United States Magistrate Judge recommends, R&R (Doc. 3), denying pro se plaintiff Glenn Francis's motion to proceed *in forma pauperis*, (Doc. 2), and dismissing his complaint, (Doc. 1), without leave to amend. The deadline to object has passed without an objection.

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review of that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even absent an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Absent an objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Magistrate Judge's Report and Recommendation. As explained in the Report and Recommendation, Francis appears to meet the indigency requirement to proceed *in forma pauperis*. But I agree that his complaint must be dismissed because it is frivolous and fails to state a claim for relief against the many defendants. To begin, the complaint is a shotgun pleading that fails to provide the defendants with adequate notice of the claims against them and the grounds upon which they rest. *See* R&R at 6. Further, Francis's claims are barred by the statute of limitations. *See id.* at 7; *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam) (barring Section 1983 and Section 1985 actions after four years from accrual); *Rager v. Augustine*, 760 F. App'x 947, 950–51 (11th Cir. 2019) (per curiam) (barring *Bivens* claims for constitutional violations after four years from accrual) (citing *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998)); § 95.11(3)(n)–(o), Fla. Stat. (barring intentional infliction of emotional distress and other state law causes of action after four years from accrual). Finally, Francis's claims are also barred by judicial and quasi-judicial immunity. *See* R&R at 7–8. Judicial immunity applies because Judge Barber's conduct occurred while he presided over the case, and Francis does not allege that Judge Barber operated in the absence of all jurisdiction. *Id.* at 8. Quasi-judicial immunity applies to the other

defendants because they were performing treatment and competency evaluations within the scope of their court-ordered duties on the case. *Id.*

Amending Francis's complaint would not cure the timeliness and immunity issues. Accordingly, the following is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 3) is **ADOPTED** and made a part of this Order for all purposes.

2. Francis's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**.

3. Francis's Complaint (Doc. 1) is **DISMISSED.**

4. The Clerk is directed to **TERMINATE** any pending motions or deadlines and to **CLOSE** the case.

**ORDERED** in Tampa, Florida, on December 2, 2025.

Kathryn Kimball Mizelle
United States District Judge